UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

JEFFORY CARL YOUNG,          )
                                   )
        Petitioner,        )
v.                                 )      Case Nos. 4:06-cr-14 / 4:10-cv-72
                                 )      Judge Edgar
UNITED STATES OF AMERICA,    )
                                 )
        Respondent.      )

## MEMORANDUM AND ORDER

Federal prisoner Jeffory Carl Young ("Young") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. After reviewing the record, the Court concludes that the *pro se* motion will be denied and dismissed with prejudice. The record conclusively shows that the motion is without merit and he is not entitled to any relief under § 2255. There is no need for an evidentiary hearing.

## I.    Standard of Review Under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct a judgment of conviction or sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the federal district court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by federal law, or is otherwise subject to collateral attack.

As a threshold standard to relief a § 2255 motion must allege: (1) an error of constitutional magnitude; (2) a sentence was imposed outside the federal statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445,

1

454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Young bears the burden of establishing an error of federal constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

A § 2255 motion is not a substitute for a direct appeal. Where nonconstitutional issues are at stake, there is no basis for allowing a collateral attack under 28 U.S.C. § 2255 to do service for a direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). To obtain relief under 28 U.S.C. § 2255 for a nonconstitutional error, Young must establish either: (1) a fundamental defect in the criminal proceedings which inherently resulted in a complete miscarriage of justice; or (2) an error so egregious that it amounts to a violation of due process. *Reed*, 512 U.S. at 353-54; *Hill v. United States*, 368 U.S. 424, 428 (1962); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Grant,* 72 F.3d at 505-06.

An evidentiary hearing is unnecessary if there are no genuine issues of material fact in dispute and the record conclusively shows that Young is not entitled to relief under § 2255. An evidentiary hearing is not required where the allegations and claims cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Amr v. United States*, 280 Fed. Appx. 480, 485 (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th

Cir. 1999); *Brain v. United States*, 2011 WL 1343344, * 2 (E.D. Tenn. April 8, 2011); *Jones v. United States*, 2010 WL 1882122, * 1 (E.D. Tenn. May 11, 2010).

The burden is on Young to articulate sufficient facts to state a viable claim for relief. Vague, conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant an evidentiary hearing. A § 2255 motion may be dismissed if it merely makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Brain*, 2011 WL 1343344, at * 2; *Jones*, 2010 WL 1882122, at * 2.

## II.    Facts and Procedural History

The underlying facts are summarized in *United States v. Young*, 553 F.3d 1035 (6th Cir. 2009), *cert. denied*, 558 U.S. 873 (2009). A federal grand jury in the Eastern District of Tennessee returned a 20-count superseding indictment against Young and co-defendant Morris Roller ("Roller"). Young was charged with crimes in Counts One, Six, Thirteen, Fourteen, Fifteen, Eighteen, and Nineteen.

Count One charged that from at least in or about 1992, and continuing until in or about May, 2006, in the Eastern District of Tennessee and elsewhere, defendants Young and Roller and other persons known and unknown to the grand jury, conspired to violate 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), that is, they conspired to manufacture 1,000 or more marijuana plants regardless of weight, and conspired to distribute 1,000 kilograms or more of a mixture and substance containing marijuana, a Schedule I controlled substance, all in violation of 21 U.S.C. § 846.

Counts Six and Nineteen charged Young with aiding and abetting another in the possession with intent to distribute a mixture and substance containing a detectable amount of marijuana, a

Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Counts Thirteen, Fourteen, Fifteen, and Eighteen charged Young with using a communication facility (telephone) to facilitate violations of 21 U.S.C. §§ 841(a)(1) and 846, the conspiracy to distribute marijuana, all in violation of 21 U.S.C. § 843(b).

Young and Roller pleaded not guilty and their case proceeded to a jury trial. The government presented evidence concerning an incident where police officers in the Middle District of Tennessee intercepted a truck containing 2,318 pounds of marijuana transported from Mexico. Six Hispanic men were arrested and convicted of criminal offenses in connection with the truckload of marijuana. At Young's trial there was a dispute about whether he was involved with or had a connection to the truckload of marijuana. During closing arguments, Young's counsel argued that there was not enough evidence to connect Young to the truckload of marijuana. This matter is discussed and analyzed by the Sixth Circuit in Young's direct appeal. *Young*, 553 F.3d 1035.

The jury returned a verdict finding Young guilty on all charges. With regard to Count One, the jury found that Young conspired to manufacture at least 100 but less than 1,000 marijuana plants, and he conspired to distribute at least 100 kilograms but less than 1,000 kilograms of a mixture or substance containing marijuana. It plainly appears from the guilty verdict on Count One that the jury found the government had not proved beyond a reasonable doubt that Young was involved with the intercepted truck containing 2,318 pounds of marijuana as part of the Count One conspiracy.

During the sentencing hearing, this Court determined that Young should be sentenced on the basis that the Count One conspiracy involved more than 1,000 kilograms of marijuana. This Court found that the government had proved by a preponderance of the evidence that Young was involved with and should be held responsible for the intercepted truckload of 2,318 pounds of marijuana.

Additionally, this Court found that Young had sold at least 530 pounds of marijuana to Pete Murray, and the testimony of Charles Wayne Goff certainly put the quantity of marijuana in excess of 2,200 pounds. This Court further enhanced Young's guideline offense level by four levels because of his leadership role in the Count One marijuana conspiracy. Based on a total adjusted offense level of 36 and a criminal history category of I, Young's advisory guideline range was 188 to 235 months imprisonment. *Young*, 553 F.3d at 1044-45.

On May 7, 2007, this Court sentenced Young to be imprisoned for a total term of 224 months. This term of imprisonment consists of 224 months on Count One, 120 months on each of Counts Six and Nineteen, and 96 months on each of Counts Thirteen, Fourteen, Fifteen and Eighteen, all to be served concurrently. The judgment of conviction was entered on May 15, 2007.

Young took a direct appeal from his judgment of conviction and sentence. On direct appeal Young raised an argument that the District Court erred in considering "acquitted conduct" – truckload of 2,318 pounds of marijuana – in calculating the quantity of marijuana involved in the Count One conspiracy that was attributable to Young and his guideline range.

On January 30, 2009, the Sixth Circuit Court of Appeals affirmed the judgment of conviction and sentence, and dismissed the direct appeal. *Young*, 553 F.3d 1035. The Sixth Circuit rejected Young's argument that the truckload of 2,318 pounds of marijuana should not be used during sentencing to calculate the quantity of marijuana involved in the Count One conspiracy and his advisory guideline range. In *Young*, 553 F.3d at1050, the Sixth Circuit explained that after *United States v. Booker*, 543 U.S. 220 (2005), a federal sentencing court may consider acquitted conduct if it finds facts supporting that conduct by a preponderance of the evidence citing *United States v.*

*Mendez*, 498 F.3d 423, 427 (6th Cir. 2007).[1]

The Sixth Circuit on Young's direct appeal also cited *United States v. White*, 551 F.3d 381, 382 (6th Cir. 2008) (en banc) for the proposition that post-*Booker* a federal district court may use acquitted conduct that it finds by a preponderance of the evidence to enhance a sentence where the resulting sentence does not exceed the jury-authorized United States Code maximums. *Young*, 553 F.3d at1050.[2] In Young's case, the maximum sentence for the Count One conspiracy alone is 40 years pursuant to 21 U.S.C. § 841(b)(1)(B)(vii) and his sentence of imprisonment does not violate this statutory maximum limit. *Young*, 553 F.3d at1050 n. 9. The Sixth Circuit concluded that it was not clear error for this District Court to find that the government had proved by a preponderance of the evidence that the intercepted truckload of 2,318 pounds of marijuana was attributable to Young as part of the Count One conspiracy. *Young*, 553 F.3d at1051-52.

Young also argued on direct appeal his sentence was unreasonable. The Sixth Circuit rejected this argument and affirmed the sentence. After in depth analysis, the Sixth Circuit concluded that the sentence of imprisonment imposed on Young is procedurally and substantively reasonable. *Young*, 553 F.3d at1053-56.

Young's petition for writ of certiorari was denied by the United States Supreme Court on October 5, 2009. *Young v. United States,* 558 U.S. 873 (2009).

## III.    Claims in § 2255 Motion

---

[1]    *See also United States v. Jackson*, 308 Fed. Appx. 899, 905-06 (6th Cir. 2009); *United States v. Henderson*, 307 Fed. Appx. 970, 982 (6th Cir. 2009).

[2]    *See also, United States v. Goward*, 315 Fed. Appx. 544, 548-49 (6th Cir. 2009) (So long as a defendant receives a sentence at or below the statutory maximum set by the jury's verdict, the district court does not violate the defendant's constitutional right to a jury trial by considering other facts that have been proved by a preponderance of the evidence, including acquitted conduct, when selecting a sentence within that statutory range).

In his 28 U.S.C. § 2255 motion, Young raises seven claims or grounds for relief. Young claims that:

(1) he is actually innocent of relevant conduct, i.e. intercepted truckload of 2,318 pounds of marijuana, that was used during sentencing to determine the quantity of marijuana attributable to him and calculate his advisory guideline range on the Count One marijuana conspiracy; and his sentence of 224 months imprisonment on Count one is unduly harsh and unreasonable;

(2) the entire indictment should be dismissed as void on the basis that it is arbitrary, capricious, and unconstitutionally vague because in 2010 the United States Congress redefined marijuana as having an accepted medical use which effectively means that marijuana can no longer be classified as a Schedule I controlled substance under 18 U.S.C. § 812(b)(1) and (c);

(3) 21 U.S.C. § 841(b)(1) is unconstitutional after *Apprendi v. New Jersey,* 530 U.S. 466 (2000);

(4) the government failed to prove relevant conduct, i.e. Young's connection or involvement with the intercepted truckload of 2,318 pounds of marijuana, during sentencing by a preponderance of the evidence;

(5) this District Court in the Eastern District of Tennessee lacked subject matter jurisdiction over the federal criminal charges against Young and was an improper venue for trial;

(6) the indictment is invalid and should be declared void because the United States Attorney presented incorrect information to the federal grand jury; and

(7) he was deprived of his right to effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

IV.     **Analysis**

A.      **Claim 1**

Claims 1 and 4 are closely related and intertwined. There are two parts to claim 1. First, Young claims that he is actually innocent of any involvement or conspiracy with regard to the intercepted truck from Mexico containing 2,318 pounds of marijuana. He contends that the Hispanic men who were arrested and convicted for that crime were interviewed by law enforcement officers and prosecutors but none of them directly implicated Young. Young argues that this Court erred during sentencing when it "disregarded" the jury's verdict on Count One and used the truckload of 2,318 pounds of marijuana to calculate the quantity of marijuana attributable to him and enhance his guideline range on Count One. It is claimed that this Court improperly used the criminal conduct of third parties (the Hispanic men who were arrested and convicted for the intercepted truckload of 2,318 pounds of marijuana) to enhance or increase the length of Young's sentence of imprisonment on Count One. Thus, Young complains that he is in effect being punished for a crime he did not commit and punished for conduct on which he was acquitted by the jury under Count One, i.e. the truckload of 2,318 pounds of marijuana. Young also contends that he is being unfairly punished for exercising his constitutional right to plead not guilty and take his case to a jury trial.

This claim fails. It is nothing more that a futile effort by Young to resurrect and relitigate his previously dismissed argument that the truckload of 2,318 pounds of marijuana should not have used during sentencing to determine the quantity of marijuana attributable to him and calculate his guideline range on the Count One conspiracy. This issue has already been decided by the Sixth Circuit on direct appeal. Young cannot circumvent the Sixth Circuit's decision by mislabeling or repackaging his same argument as a claim of actual innocence.

Young cannot utilize a § 2255 motion to relitigate issues that were decided by the Sixth Circuit Court of Appeals on his direct appeal in *Young*, 553 F.3d 1035. Issues which are presented and decided on direct appeal may not be relitigated in a 28 U.S.C. § 2255 proceeding absent

8

exceptional circumstances, i.e. actual (factual) innocence based on new reliable evidence or an intervening retroactive change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996); *Dykes v. United States*, 2011 WL 1357481, ** 1, 4 (E.D. Tenn. April 11, 2011). There are no exceptional circumstances in Young's case. He does not have a viable claim of actual (factual) innocence based on new reliable evidence that was not available at the time of his trial and sentencing. There is no intervening retroactive change in the applicable law.

Next, Young claims that his sentence of 224 months imprisonment is unduly harsh and unreasonable. It is argued that the sentence is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a), and does not adequately take into account his personal history and characteristics.

This claim must likewise be denied because Young merely seeks reconsideration of issues which have already been decided. On direct appeal, Young similarly argued that his sentence is procedurally and substantively unreasonable. The Sixth Circuit concluded that Young's sentence of imprisonment is both procedurally and substantively reasonable. *Young*, 553 F.3d at 1053-56. Absent exceptional circumstances, Young cannot relitigate these same issues in this § 2255 proceeding. *Wright*, 182 F.3d at 467; *Jones*, 178 F.3d at 796; *Oliver*, 90 F.3d at 180; *DuPont,* 76 F.3d at 110-11; *Dykes*, 2011 WL 1357481, at ** 1, 4. There are no exceptional circumstances here. Young does not have a viable claim of actual innocence based on any new reliable evidence that was not available at the time of his trial and sentencing. There is no intervening retroactive change in the applicable law.

B.    **Claim 4**

Claim 4 is similar to claim 1. Young contends that although the jury found he was not guilty of conspiracy with regard to the truckload of 2,318 pounds of marijuana from Mexico, this "acquitted conduct" was used during sentencing to calculate the quantity of marijuana attributable to Young and enhance his sentence on the Count One conspiracy. Young argues this was a sentencing error because the government purportedly failed to prove by a preponderance of the evidence that he was involved with the truckload of marijuana. It is alleged there is no evidence showing that Young conspired to possess or distribute the truckload of 2,318 pounds of marijuana.

This claim fails. The Sixth Circuit considered and rejected these same arguments on Young's direct appeal. The Sixth Circuit decided it was not clear error for this District Court to find that the government had proved by a preponderance of the evidence that the intercepted truck containing 2,318 pounds of marijuana was attributable to Young and co-defendant Roller. *Young*, 553 F.3d at 1050-52. All of Young's arguments to the contrary are frivolous.

Young cannot utilize a motion under 28 U.S.C. § 2255 to relitigate these same issues. Issues which are presented and decided on direct appeal may not be relitigated in a § 2255 proceeding absent exceptional circumstances. *Wright*, 182 F.3d at 467; *Jones*, 178 F.3d at 796; *Oliver*, 90 F.3d at 180; *DuPont,* 76 F.3d at 110-11; *Dykes*, 2011 WL 1357481, at ** 1, 4. No exceptional circumstances exist in Young's case. He does not have a viable claim of actual innocence based on any new reliable evidence that was not available at the time of his trial and sentencing. There is no intervening retroactive change in the applicable law. Accordingly, the Court must dismiss all § 2255 claims by Young challenging the decision made during sentencing to use the 2,318 pounds of marijuana to calculate the total quantity of marijuana attributable to him and enhance his sentence on the Count One conspiracy.

C.      **Claim 2**

Young claims the entire indictment against him should be dismissed as void on the ground that it is arbitrary, capricious, and unconstitutionally vague. He argues that in 2010 the United States Congress redefined marijuana as having an accepted medical use. Young contends that Congress allowed a local law to be passed by the Council of Washington, D.C. which provides for the use and distribution of marijuana within the District of Columbia for medical purposes. It is argued that this effectively means marijuana can no longer be classified as a Schedule I controlled substance. Young cites 18 U.S.C. § 812(b)(1)(B) for the proposition that in order for marijuana to be listed as a Schedule I controlled substance in 18 U.S.C. § 812(c), there must be a finding that marijuana "has no currently accepted medical use in treatment in the United States."

This argument is without merit. Young is referring to the Legalization of Marijuana for Medical Treatment Amendment Act of 2010 which was adopted by the Council of Washington, D.C. 57 D.C. Reg. 4798, text available on Westlaw at 2009 DC L.B. 622 (NS). This Act became effective on July 27, 2010, upon the expiration of the 30-day period allotted for review by Congress because Congress did not pass a joint resolution disapproving the Act. See D.C. Code § 1-206.02(c)(1). Congress remained silent and did not explicitly endorse or approve the Act.

This Court rejects Young's argument that, based on this medical marijuana legislation which only applies within the limited confines of the District of Columbia, Congress somehow redefined marijuana as having an accepted medical use for purposes of enforcing 18 U.S.C. § 812 of the Controlled Substances Act for the entire United States of America. Marijuana is still currently classified as a Schedule I controlled substance pursuant to 18 U.S.C. § 812(b)(1) and (c). Congress made an express finding that marijuana has no accepted medical use in treatment in the United States. *Gonzales v. Raich,* 545 U.S. 1, 27 (2005). This finding has not been changed or modified in any substantive way by the passage of the Legalization of Marijuana for Medical Treatment

11

Amendment Act of 2010 in the District of Columbia.

The District of Columbia's medical marijuana law adopted in 2010 has no effect or impact whatsoever upon the classification of marijuana as a Schedule I controlled substance by Congress pursuant to 18 U.S.C. § 812(b)(1) and (c). The Supremacy Clause in the United States Constitution "unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." *Gonzales,* 545 U.S. at 29. The manufacture, possession and distribution of marijuana, a Schedule I controlled substance, continues to be illegal under federal law for the entire United States of America, even if it is possessed for medical purposes in accordance with state laws. *See e.g. United States v. Hicks*, 722 F. Supp.2d 829, 833 (E.D. Mich. 2010) (It is indisputable that state medical-marijuana laws do not, and cannot, supercede federal laws that criminalize the possession of marijuana.); *United States v. Scarmazzo*, 554 F. Supp.2d 1102, 1109 (E.D. Cal. 2008) (Federal law prohibiting the sale of marijuana is valid, despite any state law suggesting medical necessity for marijuana).

In any event, the District of Columbia's medical marijuana law which became effective in July 2010 does not afford any plausible basis for granting relief to Young under 28 U.S.C. § 2255. It cannot reasonably be disputed that marijuana was classified by Congress as a Schedule I controlled substance prior to 2010. *Gonzales,* 545 U.S. at 27. Young committed his criminal offenses long before 2010. He was indicted, convicted, and sentenced prior to 2010. The judgment of conviction was entered against Young on May 15, 2007.

### D.     Claims 3, 5, and 6 Barred by Procedural Default

The Court agrees with respondent United States that Young waived claims 3, 5, and 6 by failing to raise them on his direct appeal to the Sixth Circuit Court of Appeals. There is a procedural default because Young could have but did not present these specific claims to the Sixth Circuit

12

during his direct appeal.

Young can raise the procedurally defaulted claims for the first time in his 28 U.S.C. § 2255 motion only if he demonstrates either: (1) cause for the procedural default and actual prejudice (cause and prejudice test); or (2) actual innocence based on new reliable evidence. *Bousley,* 523 U.S. at 621-22; *Frady*, 456 U.S. 152, 167-68; *United States v. Gibbs*, 655 F.3d 473, 477-78 (6th Cir. 2011); *VanWinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011); *Waucaush v. United States*, 380 F.3d 251, 254 (6th Cir. 2004); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001).

The Court finds that Young has not met his burden of showing cause and prejudice to excuse or overcome the procedural default on claims 3, 5, and 6. The procedural default was not caused by ineffective assistance of counsel. Young has not established either prong of the *Strickland* test which provides the standard for reviewing Sixth Amendment claims of ineffective counsel. *Strickland v. Washington,* 466 U.S. 668 (1984).

The record conclusively shows that the performance of Young's counsel was objectively reasonable and did not cause him to suffer any actual prejudice. As discussed *infra*, claims 3, 5, and 6 in the § 2255 motion are entirely without merit. Consequently, there is no good reason why defense counsel should have raised these issues on Young's behalf at any point in the criminal case, either in the District Court or on direct appeal in the Sixth Circuit. They simply were not viable issues to obtain any relief for Young. Defense counsel is not required to raise and advocate meritless arguments which have no chance of success. *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999); *Brain*, 2011 WL 1343344, at * 11. Counsel's performance did not render the result of Young's criminal proceeding unreliable or fundamentally unfair. Young cannot show there is a reasonable probability that, but for his counsel's failure to raise these issues (claims 3, 5, and 6), the result of the criminal proceeding would have been different and more favorable to him.

13

Moreover, Young cannot show that his procedural default on claims 3, 5, and 6 may be excused on the alternative ground of actual innocence. Actual innocence means factual innocence based on new reliable evidence, not mere legal insufficiency. *Bousley,* 523 U.S. at 623; *Schlup v. Delo,* 513 U.S. 298, 321 (1995); *Gibbs,* 655 F.3d at 477-78; *VanWinkle,* 645 F.3d at 369. The record conclusively shows that Young is not actually (factually) innocent of the criminal charges brought against him. Young does not present any new reliable evidence that was unavailable at the time of his trial and sentencing to show that he is actually innocent.

Accordingly, claims 3, 5, and 6 shall be dismissed on the ground that they are barred by Young's procedural default. In the interest of completely disposing of the § 2255 motion, the Court will also analyze and explain why claims 3, 5, and 6 are without merit.

### E. Claim 3

Young claims that 21 U.S.C. § 841(b)(1) is unconstitutional both on its face and as applied to him in the wake of *Apprendi,* 530 U.S. 466. In *Apprendi*, the Supreme Court ruled that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. (Emphasis supplied).

It is argued by Young that 21 U.S.C. § 841(b)(1) is unconstitutional because it relies upon the type and quantity of controlled substances to determine the punishment but these are sentencing factors that must be determined by a jury beyond a reasonable doubt in accordance with *Apprendi*. Young contends that when federal district judges make findings of fact during sentencing by a preponderance of the evidence concerning the quantity of controlled substances, it violates *Apprendi* and is unconstitutional, i.e. deprives defendants of their Fourteenth Amendment right to due process and Sixth Amendment right to trial by jury.

14

Based on this premise, Young goes on to argue that there is an *Apprendi* violation in his case. With regard to the Count One marijuana conspiracy, Young contends the jury found that the government had not proved beyond a reasonable doubt that he was involved with the intercepted truckload of 2,318 pounds of marijuana. The Court used this "acquitted conduct" to enhance Young's sentence of imprisonment on Count One. During sentencing the Court found by a preponderance of the evidence that the 2,318 pounds of marijuana should be attributed to Young when calculating his guideline range. Young says this violates *Apprendi* and is unconstitutional.

This argument is without merit. Both this Court and the Sixth Circuit have consistently held that 21 U.S.C. § 841(b)(1) is constitutional after *Apprendi.* The question is not open to reasonable debate. *United States v. Causey*, 92 Fed. Appx. 306, 308 (6th Cir. 2004); *United States v. Wheeler*, 59 Fed. Appx. 30, 33 (6th Cir. 2003); *United States v. Page*, 58 Fed. Appx. 79, 84-85 (6th Cir. 2003); *United States v. Chalmers*, 57 Fed. Appx. 688 (6th Cir. 2003); *United States v. Martinez*, 253 F.3d 251, 256 n. 6 (6th Cir. 2001); *Shankles v. United States*, 2011 WL 1430184, ** 10-11 (E.D. Tenn. April 14, 2011); *Shafer v. United States*, 2005 WL 1115916 (E.D. Tenn. April 25, 2005). Post-*Apprendi* a federal court may make findings of fact by a preponderance of the evidence to calculate the defendant's sentence so long as the sentence does not exceed the statutory maximum based on the jury's verdict. *Harris v. United States*, 536 U.S. 545, 558 (2002); *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010); *United States v. Mayberry*, 540 F.3d 506, 51617 (6th Cir. 2008); *Wheeler*, 59 Fed. Appx. at 32.

There is no *Apprendi* violation in Young's case. He was sentenced to less than the statutory maximum penalty on Count One pursuant to 21 U.S.C. § 841(b)(1)(B). Because Young was sentenced to less than the statutory maximum penalty, his sentence does not trigger the protections afforded under *Apprendi. Apprendi* simply does not apply in Young's case.

15

### F.    Claim 5

Young claims that his convictions on Counts One, Six, and Nineteen should be vacated or set aside under 28 U.S.C. § 2255 on the ground that this District Court in the Eastern District of Tennessee lacked subject matter jurisdiction and was an improper venue. He relies on the Sixth Amendment to the United States Constitution which provides in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy trial, by an impartial jury of the State and district wherein the crime shall have been committed ...." Young also relies on Fed. R. Crim. P. 18 which provides: "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." It is argued by Young that only the Middle District of Tennessee had proper subject matter jurisdiction and venue over the federal criminal charges against him.

Count One charged that in the Eastern District of Tennessee and elsewhere, defendants Young and Roller and other persons conspired to violate 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), that is, they conspired to manufacture and distribute marijuana, in violation of 21 U.S.C. § 846. Young contends that Count One was defective on the theory that this Court lacked subject matter jurisdiction. He asserts that: (1) no marijuana plants were grown or found in the Eastern District of Tennessee; (2) none of the 31 parcels of land forfeited to the United States government are located in the Eastern District of Tennessee; (3) no overt acts, meetings, telephone communications, or any other activity toward any marijuana conspiracy occurred or took place in the Eastern District of Tennessee; (4) the truckload of 2,318 pounds marijuana from Mexico that the government relied on to prove Count One never entered the Eastern District of Tennessee; and (5) none of the marijuana

ever found its way into the Eastern District of Tennessee.

Counts Six and Nineteen charged Young with aiding and abetting another in the possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. With regard to Counts Six and Nineteen, Young argues that this Court lacked subject matter jurisdiction on the theory that none of the overt acts took place in the Eastern District of Tennessee.

These arguments fail. 18 U.S.C. § 3231 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." This District Court had subject matter jurisdiction over the criminal charges against Young pursuant to 18 U.S.C. § 3231. *United States v. Harris*, 435 Fed. Appx. 506, 507 (6th Cir. 2011); *United States v. Fonville*, 422 Fed. Appx. 473, 479 (6th Cir. 2011); *United States v. Vicol*, 404 Fed. Appx. 1, 4 (6th Cir. 2010); *United States v. Kaminski*, 501 F.3d 655, 665 (6th Cir. 2007).

There was proper venue in the Eastern District of Tennessee. The indictment, prosecution, and trial of Young in the Eastern District of Tennessee did not violate the Sixth Amendment and Fed. R. Crim. P. 18. In the conspiracy charged in Count One, co-defendant Roller sold marijuana to Julia Foutch in the Eastern District of Tennessee. Other witnesses testified at trial that they purchased marijuana from Young and/or Roller at Roller's property in Warren County in the Eastern District of Tennessee. This is more than enough to establish proper venue in the Eastern District of Tennessee.

Pursuant to Fed. R. Crim. P. 18 the government must generally prosecute a federal criminal offense in a district where the offense was committed. The place of the crime is determined by the acts of the accused that violate a statute. *Johnston v. United States*, 351 U.S. 215, 220 (1956).

17

Where a crime consists of distinct parts which have different localities, the whole criminal case may be tried where any part of the criminal offense can be proved to have been done. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 281 (1956); *United States v. Gilbert*, 476 Fed. Appx. 434 (6th Cir. 2012) (venue proper in federal district where activity constituting criminal offenses occurred); *United States v. Mobley*, 618 F.3d 539, 546 (6th Cir. 2010). There may be proper venue in more than one location or federal district court. *Id*.; *United States v. Williams*, 274 F.3d 1079, 1084 (6th Cir. 2001). In Young's case, there was proper venue in both the Eastern District of Tennessee and the Middle District of Tennessee.

G. <u>Claim 6</u>

Young claims that the indictment should be dismissed because he believes that the United States Attorney presented inaccurate information to the federal grand jury which infringed upon the ability of the grand jurors to exercise their independent judgment. It is alleged that the United States Attorney failed to provide correct information to the grand jury concerning the issue of "territorial jurisdiction" and the truckload of marijuana being intercepted and seized by police officers in the Middle District of Tennessee. Young contends the grand jury was not informed that: (1) none of the Hispanic men who were arrested and convicted in the truckload of marijuana incident implicated Young; and (2) the truckload of marijuana never entered the Eastern District of Tennessee.

Young argues:

> Such misinformation compromises the structural protection of the Grand Jury as to render the proceedings fundamentally unfair. The violation substantially influenced the Grand Jury's decision to indict on Count 1. There is great doubt that the decision to indict was free from the substantial influence of such violation.

[Court Doc. No. 161, p. 34; Petitioner's Brief p. 23]. Young does not bother to state any specific facts to support this vague claim.

18

This claim fails for at least two reasons. Young again raises his same frivolous argument that this District Court in the Eastern District of Tennessee lacked jurisdiction and was an improper venue, especially with regard to the Count One conspiracy and the truckload of 2,318 pounds marijuana. As discussed *supra* with regard to Claim 5, Young's arguments challenging this Court's subject matter jurisdiction, territorial jurisdiction, and venue are entirely without merit. This District Court in the Eastern District of Tennessee was a proper venue and had jurisdiction over the federal criminal charges against Young.

Furthermore, Young fails to meet his burden of articulating sufficient facts to state a viable claim for relief under 28 U.S.C. § 2255. Young's claim must be dismissed because he only makes conclusory statements without substantiating allegations of specific facts and thereby fails to state a claim cognizable under § 2255. *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735; *Brain*, 2011 WL 1343344, at * 2; *Jones*, 2010 WL 1882122, at * 2. His vague, conclusory claim is based on nothing more than mere speculation and conjecture. Young has not established that any such alleged error occurred during the federal grand jury proceedings. He was not present during the grand jury proceedings, and he has no knowledge of what facts and evidence were or were not presented to the grand jury by the United States Attorney.

**H.    Claim 7**

**1.    *Strickland* Test**

The Sixth Amendment provides that in all criminal prosecutions, the accused shall have the to right to assistance of counsel for his defense. Ineffective counsel that violates the Sixth Amendment occurs when an attorney's deficient performance causes actual prejudice to the defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004).

19

*Strickland* establishes a two-part test for deciding claims of ineffective counsel. First, Young must show that his attorney's performance was deficient. Second, Young is required to demonstrate that the attorney's deficient performance caused him to suffer actual prejudice. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836-37; *Griffin*, 330 F.3d at 736; *Smith v. Mitchell,* 348 F.3d 177, 199 (6th Cir. 2003); *Mason v. Mitchell,* 320 F.3d 604, 616 (6th Cir. 2003).

The first prong of the *Strickland* test requires Young to show that his attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Sowell*, 372 F.3d at 836; *Wickline v. Mitchell,* 319 F.3d 813, 819 (6th Cir. 2003); *Carter v. Bell*, 218 F.3d 581, 591 (6th Cir. 2000); *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995). The Court's scrutiny of the reasonableness of counsel's performance is highly deferential. Counsel is strongly presumed to have rendered adequate legal assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837; *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Mason,* 320 F.3d at 616-17; *Wickline,* 319 F.3d at 819; *Skaggs v. Parker*, 235 F.3d 261, 268 (6th Cir. 2000); *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994).

Strategic choices made by an attorney after thorough investigation of the relevant facts and law are virtually unchallengeable. Strategic choices made by counsel after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitation or restriction placed on the investigation. Defense counsel has a duty to make a reasonable investigation under the circumstances or make a reasonable decision that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Skaggs*, 235 F.3d at 268.

20

The second prong of the *Strickland* test requires Young to show that the attorney's deficient performance caused actual prejudice to his case. *O'Hara*, 24 F.3d at 828; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The prejudice component focuses on the question whether counsel's deficient performance renders the result of the criminal proceeding unreliable or fundamentally unfair. *Lockhart*, 506 U.S. at 372; *Skaggs*, 235 F.3d at 270. The Court must determine whether the performance of counsel was so manifestly deficient that defeat was snatched from the hands of probable victory. *Thelen v. United States,* 131 Fed. Appx. 61, 63 (6th Cir. 2005); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

To satisfy the prejudice element, Young must show there is a reasonable probability that, but for the errors and deficient performance of counsel, the result would have been different and more favorable to him. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland*, 466 U.S. at 693-94; *Humphress*, 398 F.3d at 859; *Campbell*, 364 F.3d at 730; *Griffin*, 330 F.3d at 736; *Mason,* 320 F.3d at 617; *Wickline,* 319 F.3d at 819. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

## 2.  Allegations of Ineffective Counsel

The Court finds that none of Young's claims and allegations of ineffective counsel satisfy the *Strickland* test. Young argues that the totality of the circumstances establish that counsel was incompetent and committed fundamental procedural errors. Young begins by alleging that his counsel failed to:

(1) challenge the territorial jurisdiction and subject matter jurisdiction of the federal grand

jury that returned the indictment in the Eastern District of Tennessee;

(2) challenge the grand jury "array" and individual grand jurors;

(3) assert Young's right to have a written statement of the essential facts constituting the criminal offenses charged made upon oath before a United States Magistrate Judge, i.e. a criminal complaint pursuant to Fed. R. Crim. P. 3;

(4) assert Young's right to have a probable cause hearing in court pursuant to Fed. R. Crim. P. 4 before the federal warrant was issued for his arrest; and

(5) file a motion to quash the indictment for lack of territorial or subject matter jurisdiction.

These allegations fail to make out a viable Sixth Amendment claim of ineffective counsel. Young has not met his burden of establishing either prong of the *Strickland* test. Young cannot show that his attorney's performance was deficient and fell below an objective standard of reasonableness. He also cannot show that the attorney's performance caused him to suffer any actual prejudice. There is no reasonable probability that the outcome of the criminal case would have been different and more favorable to Young if his counsel had raised these specific issues and arguments now presented in the § 2255 motion. Any such arguments, objections, and/or motions by Young's counsel would have been futile and denied as frivolous. Defense counsel cannot be faulted for failing to make frivolous arguments and motions which have no chance of success. *Mapes*, 171 F.3d at 427; *Brain*, 2011 WL 1343344, at * 11.

All of Young's arguments challenging the territorial jurisdiction and subject matter jurisdiction of the federal grand jury and this District Court in the Eastern District of Tennessee are completely without merit. The federal grand jury and this District Court in the Eastern District of Tennessee at all times had proper jurisdiction and venue over the criminal charges against Young. There was no plausible basis in fact or law for Young's counsel to make a motion to quash or

dismiss the indictment for lack of jurisdiction and venue.

The Court must dismiss Young's claim that his counsel was ineffective for not challenging the grand jury "array" and individual grand jurors. He does not explain what he means and does not present any facts to support this claim. Young fails to meet his burden to articulate sufficient facts to state a viable claim for relief under 28 U.S.C. § 2255. Because this exceedingly vague claim is merely a conclusory statement without any substantiating allegations of specific facts, it will be dismissed for failure to state a claim under § 2255. *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735; *Brain*, 2011 WL 1343344, at * 2; *Jones*, 2010 WL 1882122, at * 2.

This Court also rejects Young's contention that there should have been a sworn criminal complaint issued against him pursuant to Fed. R. Crim. P. 3 and a probable cause hearing on the complaint pursuant to Fed. R. Crim. P. 4 before the federal warrant was issued for his arrest. Young is mistaken on this point. He misunderstands the Federal Rules of Criminal Procedure with regard to the different, alternative ways in which a criminal prosecution can be initiated. Under the Federal Rules of Criminal Procedure, a criminal case may be initiated by a criminal complaint under Rule 3, an information issued by the United States Attorney under Rule 7, or an indictment issued by a grand jury pursuant to Rule 7.

Young was indicted by the grand jury pursuant to Rule 7. It was unnecessary to institute criminal charges against Young via the alternative avenue of a criminal complaint pursuant to Rule 3. And because Young was indicted by the grand jury and a criminal complaint was not issued under Rule 3, it was likewise unnecessary to hold a probable cause hearing pursuant to Rule 4 before the federal warrant was issued for his arrest. In short, Fed. R. Crim. P. 3 and 4 are not applicable in Young's case because he was indicted by the grand jury pursuant to Rule 7. There was no basis in the law for Young's counsel to demand or request that a superfluous criminal complaint be issued

23

under Rule 3 and that the Court should hold a probable cause hearing pursuant to Rule 4. If Young's

counsel had made such an argument or request, it would have been denied as frivolous.

Next, Young alleges that counsel was ineffective by failing to make a motion for severance

pursuant to Fed. R. Crim. P. 14(a) so that his trial could be severed from the trial of co-defendant

Roller. Young states the following:

> Counsel Failed to File a Motion for Severance, thus allowing prejudicial
> Third party statements against co-defendant Roller to cause the Jury to
> be unable to render a fair determination of Petitioner's innocence. This
> compelling prejudice, against which counsel offered no protection in the
> way of a proferred (sic) Jury instruction, caused irreparable harm to
> Petitioner.

> Prosecution witness Julie Foutch, confidential informant, testified she
> met co-defendant Roller 15-20 times between 2003 and 2006, bought
> marijuana from him and discussed collecting money for him. This testi-
> mony prejudiced the jury against Petitioner who was not involved in
> these activities.

> Witness Donna Parsley, testifying under immunity, also testified against
> Roller's criminal activities which tainted Petitioner's case even though
> none of the testimony was about activities of Petitioner.

> The Appellate Court in Petitioner's direct appeal states that the district
> court based its Findings about the truckload of marijuana, in part, on the
> "Fact" that "Roller and Young obtained marijuana from Mexico."

> Nowhere in the record was any evidence presented showing Petitioner
> had any connection with Mexico. With regard to Roller, the only refer-
> ence was a statement by one witness [Julia Foutch] that Roller said he
> would offer her $10,000 to drive to Texas to pick up marijuana, an
> event that never happened.

> The implication that Roller was somehow connected to previous activity
> in Mexico was furnished by that "off the cuff" remark. Then the taint
> spread to Petitioner because Roller was his co-defendant. Clearly
> Petitioner was harmed by Third party statements about his co-defendant
> which prejudiced the Court against Petitioner with regard to the Courts
> (sic) determination, by a preponderance of the evidence, that Petitioner
> had some connection to the truckload of marijuana containing the
> quantity [ 2,318 pounds of marijuana] that enhanced his sentence.

24

Young is primarily concerned about one key issue: the truckload of 2,318 pounds of marijuana from Mexico was attributed to Young during sentencing to calculate the quantity of marijuana and increase his guideline range on the Count One conspiracy. On this specific issue, Young cannot show that the lack of a severance of his trial from the trial of co-defendant Roller caused Young to suffer any actual prejudice with regard to the jury's deliberations. It was the District Court during the sentencing phase, and not the jury during the trial, that ultimately made the decision to hold Young responsible for the truckload of 2,318 pounds of marijuana by a preponderance of the evidence.

During closing arguments, Young's counsel argued that the government had not met its burden of proving beyond a reasonable doubt that Young was involved with or had a connection to the truckload of marijuana. *See Young*, 553 F.3d at 1043. Counsel's performance was not deficient or objectively unreasonable. The jury returned a verdict finding Young guilty on all charges. With regard to Count One, the jury found that Young conspired to manufacture at least 100 but less than 1,000 marijuana plants, and he conspired to distribute at least 100 kilograms but less than 1,000 kilograms of a mixture or substance containing marijuana. It plainly appears from the verdict on Count One that the jury found the government had not proved beyond a reasonable doubt that Young was involved with the truckload of 2,318 pounds of marijuana as part of the Count One conspiracy. Young's counsel prevailed on this part of the closing argument presented to the jury.

Moreover, the Court rejects Young's contention that his counsel was somehow ineffective for not requesting a jury instruction on this matter. There was no need for Young's counsel to make a special request for a jury instruction because the instructions given to the jury at trial were

sufficient to cover the issue. This Court used Sixth Circuit Pattern Criminal Jury Instruction § 2.01D and correctly instructed the jury that it had a duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each defendant. The jury was instructed that for each defendant, it must decide whether the government had presented evidence proving beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Young mistakenly assumes that if his counsel had made a motion for severance of trials it would have been granted. Any motion for severance would have been denied because Young could not establish specific, compelling prejudice that outweighed the public interest in promoting efficient trials and judicial economy.

Fed. R. Crim. P. 8(b) provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." When there is a joinder of defendants in an indictment, the court in its discretion may grant a severance of the defendants' trials pursuant to Fed. R. Crim. P. 14(a).

As a general rule, defendants who are indicted together should be tried together. *United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012); *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008); *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987). There is a strong preference in favor of joint trials for defendants who are indicted together because it promotes judicial efficiency and serves the interests of justice by avoiding the inequity of inconsistent verdicts. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Cope*, 312 F.3d 757, 779 (6th Cir. 2002); *United States v. Brenig*, 70 F.3d 850, 852-53 (6th Cir. 1995).

A district court should grant a severance of trials under Rule 14 "only if there is a serious risk

26

that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also Ross*, 703 F.3d at 884; *Driver*, 535 F.3d at 427. Even where the risk of prejudice is high, less drastic measures, such as limiting jury instructions, often will suffice to minimize or cure any risk of prejudice and make a severance of trials unnecessary. *Zafiro*, 506 U.S. at 539; *Ross*, 703 F.3d at 884; *Driver*, 535 F.3d at 427. A motion for severance of trials should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants. *Ross*, 703 F.3d at 884; *Driver*, 535 F.3d at 427; *Causey*, 834 F.2d at 1287. The jury is presumed to be capable of sorting out the evidence and giving separate consideration to each charge against each individual defendant. *United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996); *United States v. Cobleigh*, 75 F.3d 242, 247 (6th Cir. 1996); *United States v. Moore*, 917 F.2d 215, 222 (6th Cir. 1990).

There is a strong presumption in favor of a joint trials for co-defendants when criminal charges result from the same acts and will be proved by the same evidence. *United States v. Critton*, 43 F.3d 1089, 1098 (6th Cir. 1995); *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992); *Moore*, 917 F.2d at 220. This is especially true where co-defendants Young and Roller are charged with conspiracy. *Cope*, 312 F.3d at 780; *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1993); *United States v. Blakeney*, 942 F.2d 1001, 1011 (6th Cir. 1991); *United States v. Horton*, 847 F.2d 313, 317 (6th Cir. 1988).

Moreover, Young did not have a right to severance simply because he may have had a better chance of acquittal if he had a separate trial from Roller. *Zafiro*, 506 U.S. at 540; *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004); *Ross v. United States*, 339 F.3d 483, 493 (6th Cir. 2003); *United States v. Long*, 190 F.3d 471, 476 (6th Cir. 1999); *Welch*, 97 F.3d at 148; *Brenig*, 70 F.3d at 853; *Warner*, 971 F.2d at 1196 (A showing that a defendant would have a better chance of

acquittal in a separate trial does not establish prejudice requiring severance of trials). Young was not entitled to a severance of trials merely because the incriminating evidence was greater against Roller. *Id.*

For all of these reasons, the Court concludes that Young has not met his burden of establishing either prong of the *Strickland* test. Young cannot show that his attorney's performance in not making a motion for severance was deficient and fell below an objective standard of reasonableness. He also cannot show that the attorney's performance caused him to suffer any actual prejudice. There is no reasonable probability that the outcome of the criminal case would have been different and more favorable to Young if his counsel had made a motion for severance of his trial from co-defendant Roller. Any motion by Young's counsel for severance would have been denied.

Next, Young alleges that his counsel was ineffective for failing to point out during the sentencing hearing that the "enhancement of relevant conduct" (attributing the intercepted truckload of 2,318 pounds of marijuana to Young) was not proved by a preponderance of the evidence. Young contends that: (1) no marijuana from the intercepted truckload from Mexico was presented as evidence; (2) no evidence or overt acts were offered to prove that the truckload of marijuana was part of the conspiracy under Count One; (3) the truckload of marijuana never entered the jurisdiction of the Eastern District of Tennessee; and (4) the District Court during sentencing completely disregarded and gave no weight to the jury's verdict on Count One concerning the quantity of marijuana, i.e. that the government failed to prove beyond a reasonable doubt that Young was involved with the truckload of 2,318 pounds of marijuana. Thus, Young claims that his counsel was ineffective during the sentencing hearing for not presenting arguments or persuading the District Court that the government had failed to prove by a preponderance of the evidence that the truckload

of 2,318 pounds of marijuana should be attributed to Young to determine the quantity of marijuana involved in the Count One conspiracy and calculate his guideline range.

This argument fails. This claim is predicated on a demonstrably false factual premise. During the sentencing hearing, Young's counsel did raise an objection and made arguments against taking the truckload of 2,318 pounds of marijuana into consideration when determining the quantity of marijuana attributable to Young and calculating his guideline range on the Count One conspiracy. [Court Doc. No. 129, Sentencing Hearing Transcript pp. 18-19, 60-63]. Counsel also zealously pursued this issue on Young's direct appeal in the Sixth Circuit Court of Appeals. The performance of Young's counsel was competent and objectively reasonable.

Furthermore, the Sixth Circuit on direct appeal rejected Young's argument that the truckload of 2,318 pounds of marijuana should not be used during sentencing to calculate the quantity of marijuana involved in the Count One conspiracy and the guideline range. The Sixth Circuit affirmed the District Court's finding that the government had proved by a preponderance of the evidence that the truckload of 2,318 pounds of marijuana was attributable to Young as part of the Count One conspiracy. *Young*, 553 F.3d at 1050-52. Consequently, Young has not met his burden of establishing either prong of the *Strickland* test.

Finally, in his reply brief [Court Doc. No. 167] Young for the first time raises a new and different allegation of ineffective counsel that he does not plead in his 28 U.S.C. § 2255 motion. Young contends that his counsel was ineffective for failing to advise or warn him about the possible consequences and length of sentence of imprisonment he could face on the Count One conspiracy if he pleaded not guilty and was found guilty by the jury at trial. Young argues that he had a Sixth Amendment right to effective counsel during the process of negotiating a plea agreement. He cites *Padilla v. Kentucky*, 559 U.S. 356 (2010). In *Padilla* the Supreme Court held that defense counsel

engaged in deficient performance under the first prong of the *Strickland* test by failing to advise the

defendant that his plea of guilty to a criminal charge made him subject to automatic deportation from

the United States.

Young states the following:

> If the court rules in the instant case that the use of acquitted conduct was
> properly applied to enhance Petitioner's sentence [on Count One] by 8 ½
> years, then Petitioner argues that defense counsel should have warned
> Petitioner of the consequences of being acquitted. The only reason
> Petitioner went to trial was because he refused to plead guilty to some-
> thing he did not do. If Petitioner had known that the court was not bound
> by the jury's decision and would sentence him to the 8 ½ years anyway,
> he would not have gone to trial. The question is, did counsel render
> effective assistance [at] the time his client considered pleading guilty?
> Defense counsel is under a duty to provide effective assistance in
> determining whether or not to accept a plea. Petitioner asserts it is
> the *Padilla* decision's "simple reasonableness" to expect defense
> counsel to warn Petitioner that a jury verdict means nothing.

[Petitioner's Reply, Court Doc. No. 167, pp. 14-15].

This new ineffective counsel claim must be dismissed. Young does not plead this particular

claim his 28 U.S.C. § 2255 motion. Instead, he improperly raises it for the first time in his reply

brief. This he cannot do. These unsworn declarations and allegations in Young's reply brief are not

signed by him under penalty of perjury pursuant to 28 U.S.C. § 1746 as required by Rule 2(b)(5) of

the Rules Governing Section 2255 Proceedings for the United States District Courts. For this reason

alone, the claim must be dismissed.

Young cannot amend his § 2255 motion whenever he desires. At this juncture Young is

required to obtain leave of Court to amend his § 2255 motion to plead this new ineffective counsel

claim. Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District

Courts; Rule 15(a) of the Federal Rules of Civil Procedure. The Court has not granted leave to

Young to amend his § 2255 motion in this manner.

Moreover, Young's bare, self-serving allegations are far too vague and conclusory to state a viable claim upon which relief can be granted under 28 U.S.C. § 2255. Young does not set forth any specific facts showing that the United States Attorney ever offered him a plea agreement, the terms of any such plea agreement offer, and the substance of any discussions that Young may have had with his counsel concerning the consequences of accepting a plea bargain compared to pleading not guilty and taking the case to trial.

The Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012); *Titlow v. Burt*, 680 F.3d 577, 586 (6th Cir. 2012). If the prosecution offers a plea bargain, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown under the *Strickland* test if the loss of the defendants's opportunity to accept the plea bargain led to a trial resulting in a conviction on more serious charges or a more severe sentence. *Lafler*, 132 S.Ct. at 1387; *Jones v. United States,* 504 Fed. Appx. 405, 407 (6th Cir. 2012).

Although the ultimate decision whether to accept a plea agreement rests with the defendant, counsel has an obligation to inform the defendant of the available options and his sentence exposure. *Jones,* 504 Fed. Appx. at 407; *Titlow,* 680 F.3d at 587, 589-90; *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003). A defendant's decision whether to accept the government's offer of a plea agreement must be as informed as reasonably possible. *Titlow,* 680 F.3d at 589-90; *see also Miller v. Straub*, 299 F.3d 570, 580 (6th Cir. 2002). A defendant has the right to expect that his attorney will review the criminal charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure that the defendant would face as a consequence of exercising each of the options available. *Jones,* 504 Fed. Appx. at 407; *Titlow,* 680 F.3d at 587; *Smith*, 348 F.3d at 553.

Young's problem is that he fails to allege any specific facts showing that this line of legal precedent is applicable to his criminal case. There is nothing in the record showing that the United States Attorney ever offered a plea agreement to Young or its terms. Young does not even come close to showing that it is necessary to hold an evidentiary hearing.

**V.**     **Conclusion**

The motion by federal prisoner Jeffory Carl Young for post-conviction relief pursuant to 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE. His request for an evidentiary hearing is DENIED.

If Young files a notice of appeal, it will be treated as an application for a certificate of appealability which is DENIED pursuant to 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b) because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24 that any appeal from this decision by Young would be frivolous and not taken in good faith.

A separate judgment will be entered.

SO ORDERED.

ENTERED: August 30, 2013.

_____ */s/ R. Allan Edgar* _____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE